## (June 25, 1963)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JULIO VEGA DIAZ, Appellant.— Judgment convicting defendant of the crimes of robbery in the first degree, grand larceny in the first degree and assault in the second degree, unanimously affirmed. On this record the guilt of defendant is established beyond a reasonable doubt. Error is assigned to the alleged receipt of post-arraignment and post-indictment admissions. Evidence was received of admissions made by defendant on March 4, 1961 while he was imprisoned in the Tombs on another charge and before the instant indictment. We find no authority for the proposition that once a defendant has been arraigned or indicted for a crime in one county he may not be officially questioned with respect to and prior to indictment on an unrelated crime in another county. Defendant's cross-examination of Detective O'Neill elicited that while defendant was being fingerprinted on March 29, 1961 a general discussion of about 15 minutes duration was had between defendant and Detective O'Neill, who testified to defendant's admissions on March 4, 1961. The record contains no evidence as to the substance of the March 29, 1961 conversation. Defendant asserts error in the charge. The court charged: "Now, at the request of the defense counsel, Mr. Fusco, the Court charges the jury at this time that if you are not satisfied beyond a reasonable doubt that the entire sum and substance of Detective O'Neill's conversation with defendant as testified by Detective O'Neill took place on March 4, 1961, but that some part did not take place until March 29, 1961, then you must disregard O'Neill's testimony as to said conversation with defendant on March 4th." Defendant argues the said charge enabled the jury to consider the evidence as to the conversation on March 29, 1961. The record clearly shows no misapprehension as to the exclusion of any conversation the jury found to have occurred on March 29, 1961. No objection was made nor taken by defendant. Moreover, it is

apparent the court would have complied with a request for a further instruction thereon if defendant had made a request therefor since prior to the said charge, in a colloquy at the Bench, defendant had requested and the court had approved the following: "MR. FUSCO: The second request would be to the effect that if the jury finds that some portion of the conversation between the defendant and O'Neill, Detective O'Neill, which Detective O'Neill testified to on direct examination, if the jury finds that some portion of that was elicited on March 29th, and that would be subsequent to indictment, that then they are to disregard his entire testimony as to conversations had with this defendant. THE COURT: All right. I will so charge. Say that again." Counsel for the defendant was satisfied with the charge as given since it is clear from the foregoing that it would have been amplified on request. We have considered the other alleged errors urged by defendant and find them without merit, and affirm under section 542 of the Code of Criminal Procedure. Concur — Rabin, J. P., McNally, Stevens, Eager and Steuer, JJ.